**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HCA GENESIS, INC., d/b/a Mercy of Northern
New York,

       Plaintiff,

  - v -           Civ. No. 1:07-CV-188
                   (TJM/RFT)

UNITED STATES OFFICE OF PERSONNNEL
MANAGEMENT; MARGARET M. HITCHMAN,

       Defendants.

APPEARANCES:         OF COUNSEL:

HINMAN, HOWARD LAW FIRM    CASEY E. DOYLE, ESQ.
Attorney for Plaintiff
Binghamton Office
P.O. Box 5250
80 Exchange Street
700 Security Mutual Building
Binghamton, New York 13902

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

   On February 21, 2007, Plaintiff, through its counsel Hinman Howard Law Firm, Casey E. Doyle, Esq., of counsel, initiated the instant civil rights action by filing a Complaint with the Clerk of the Court. Dkt. No. 1, Compl. Immediately upon receipt of the Complaint and filing fee, the Clerk of the Court issued Summonses for the named Defendants as well as the District Court's General Order 25. Dkt. Nos. 2-4. The Clerk further set an Initial Rule 16 Conference before the undersigned for June 21, 2007, at 9:30 a.m., with a Civil Case Management Plan due by June 11, 2007. Dkt. No. 4.

   On June 20, 2007, at the close of the business day, Chambers was informed that Plaintiff's

counsel could not locate her file on this matter, she had not yet served the Defendants, and accordingly, was not prepared to participate in the Initial Conference scheduled for June 21st. In light of counsel's representations, this Court issued an Order to Show Cause, dated June 21, 2007, directing Plaintiff to submit an Affidavit establishing good cause for the failure to effectuate timely service of process in this matter. Dkt. No. 5. In that Order, we indicated that Plaintiff's failure to establish good cause for its failure to timely effectuate service of process would result in the Court recommending dismissal of this action. *Id*. at p. 2. Plaintiff's counsel has submitted such Affidavit in accordance with the Court's Order. Dkt. No. 6, Casey Egan Doyle, Esq., Aff., dated June 28, 2007.

In her Affidavit, Attorney Doyle avers that the parties in this action are involved in other court actions, in both bankruptcy and state court, and have endeavored to settle such matters, including the claims raised in the instant Complaint. Doyle Aff. at ¶¶ 4-5. Apparently, these settlement discussions have continued even after the filing of the instant Complaint. *Id*. at ¶ 6. Shortly after the filing of the Complaint, Ms. Doyle began a leave of absence from her law firm and only upon her return, and after being so informed by the Court, did she learn that service of the Complaint had not been completed. *Id*. at ¶ 9. Upon information and belief, Ms. Doyle asserts that the statute of limitations has not expired. *Id*.

Under Federal Rule of Civil Procedure 4(c)(1), the Plaintiff is responsible for service of the Summons and Complaint for each Defendant within a specified time period. Specifically, the Plaintiff must effectuate service of process within 120 days of the filing of the Complaint. FED. R.

CIV. P. 4(m).[1]  Failure to properly serve any Defendant in accordance with the Federal Rules will result in the Court, upon motion or on its own initiative, dismissing the case without prejudice as to that Defendant.  *Id*.

The Plaintiff bears the burden of showing good cause for not timely serving the Defendant.  *Mustafa v. Syracuse City School Dist.*, 2007 WL 951470, at *2 (N.D.N.Y. Mar. 28, 2007).  "To determine whether the plaintiff has met this burden, [district] courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay."  *Id*. (internal quotation marks and citations omitted) (alteration in original); *see also Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999).  Diligence, in part, can be measured by whether the plaintiff took the proper steps to secure an extension of time to serve, such as moving under Federal Rule of Civil Procedure 6(b).  *Mustafa v. Syracuse City School Dist.*, 2007 WL 951470, at *2.  Also, "[a] delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause."  *Id*. (quoting *AIG Managed Market Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000)).

Applying such standards to the facts at hand, we find Plaintiff was not diligent in ensuring that service was timely effected.  Even if settlement discussions were ongoing, Plaintiff at no time advised the Court of this nor sought an extension of time to effect service.  In our view, settlement discussions do not satisfy the Plaintiff's burden of showing good cause, and in light of the Plaintiff's lackadaisical approach to prosecuting this matter, we find that dismissal is appropriate.  *See*

---

[1] The Local Rules of the Northern District of New York further provide that service of process must be completed within sixty (60) days of the filing of the complaint.  *See* N.D.N.Y.L.R. 4.1(b).  "This expedited service requirement is necessary to ensure adequate time for pretrial discovery and motion practice."  *Id*.  "In no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4."  *Id*.

*Rothman v. United States*, 1992 WL 394189, at *2 (N.D.N.Y. Dec. 28, 1992) (McAvoy, D.J.) (noting that settlement negotiations "do not constitute sufficient good cause to excuse compliance" with the service rules).

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that this matter be **dismissed without prejudice** due to Plaintiff's failure to serve the Complaint within the time specified by the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:  July 11, 2007
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge